IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE Mortgage Electronic Registration Systems (MERS) Litigation | MDL DOCKET NO. 09-2119-JAT |
| | **ORDER** |
| This Order Applies to: | |
| CV 10-475-PHX-JAT | |
| CV 10-476-PHX-JAT | |
| CV 10-477-PHX-JAT | |

Before the Court are Defendants HSBC Mortgage Services, Inc. and Housekey Financial Corporation's Motion to Dismiss (Doc. 606) and Motion for Summary Disposition (Doc. 1042) and Defendant Fidelity National Title Insurance Company's Motion to Dismiss (Doc. 849) and Motion for Summary Disposition (Doc. 1012) in member case *Velasquez v. The Lending Group, Inc., et al.*, CV 10-475-PHX-JAT. Plaintiff had until June 18, 2010 and June 30, 2010, respectively, to file responses to the Motions to Dismiss. That deadline has long passed. In its January 31, 2011 Order (Doc. 1258), this Court warned Plaintiff that he had failed to timely respond to the motions to dismiss and that if he did not file responses, the Court would deem his lack of response as consent to granting the motions. Plaintiff has not responded.

Also before the Court are Defendants OneWest Bank and Quality Loan Service Corporation's Motion to Dismiss (Doc. 577) and Motion for Summary Disposition (Doc. 993) and Defendants MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (Doc. 784) in member case *Lalatag v. Money First Financial*

1  *Services, Inc., et al.*, CV 10-477-PHX-JAT.  Plaintiff's time to file responses to the Motions
2  to Dismiss has long passed.  In its January 31, 2011 Order (Doc. 1259), this Court warned
3  Plaintiff that she had failed to timely respond to the motions to dismiss and that if she did not
4  file responses, the Court would deem her lack of response as consent to granting the motions.
5  Plaintiff has not responded.

6  Also before the Court are Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss
7  (Doc. 695) and Motion for Summary Disposition (Doc. 929) and Defendants MERSCORP,
8  Inc. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (Doc. 781) in
9  member case *Hora, et al. v. Credit Suisse First Boston Financial Corporation, et al.*, CV 10-
10 476-PHX-JAT.  Plaintiffs' time to file responses to the Motions to Dismiss has long passed.
11 In its January 31, 2011 Order (Doc. 1260), this Court warned Plaintiffs that they had failed
12 to timely respond to the motions to dismiss and that if they did not file responses, the Court
13 would deem their lack of response as consent to granting the motions.  Plaintiffs have not
14 responded.

15 For the following reasons, the Court will grant the pending motions.

### I. Summary Disposition Under LRCiv 7.2(i)

17 Local Rule of Civil Procedure 7.2(i) provides that if an "unrepresented party or
18 counsel does not serve and file the required answering memoranda . . . such non-compliance
19 may be deemed a consent to the . . . granting of the motion and the Court may dispose of the
20 motion summarily."  LRCiv. 7.2(i).  Local Rule 7.2(c) requires responsive memoranda to be
21 filed within fourteen days after a motion is served.

22 "Failure to follow a district court's local rules is a proper ground for dismissal."
23 *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *U.S. v. Warren,* 601 F.2d 471, 474
24 (9th Cir. 1979)).  Before granting a defendant's motion for failure to abide by a local rule,
25 however, the Court "is required to weigh several factors: '(1) the public's interest in
26 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
27 prejudice to the defendants; (4) the public policy favoring disposition of cases on their
28 merits; and (5) the availability of less drastic sanctions.'"  *Ghazali*, 46 F.3d at 53 (quoting

1  *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)). "This 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir. 2007).

Here, the first, second, and third factors all weigh in favor of summarily dismissing this case. The first factor "always favors dismissal," *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999), and the second factor usually favors dismissal, *Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir. 1990), and these cases are no exception. The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. Plaintiffs had ample time to respond, but failed to do so. Because the Court and public have a strong interest in judicial efficiency and the prompt resolution of litigation, dismissal under these circumstances is appropriate.

With respect to the third factor, the Court finds that Plaintiffs' refusal to respond causes Defendants to suffer prejudice. Defendants have promptly addressed Plaintiffs' claims, and now Plaintiffs' delay serves to increase the cost of the litigation. Moreover, the third factor also weighs in favor of dismissal in this case, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). It is axiomatic that, as time passes, it becomes harder for Defendants to defend the action as witnesses become unavailable and memories fade. *See Efaw v. Williams,* 473 F.3d 1038, 1041 (9th Cir. 2007) (passage of time can prejudice a defendant).

Although the fourth factor–public policy favoring disposition of cases on their merits–weighs against granting the motion to dismiss, the Court finds this factor to be greatly outweighed by the factors in favor of granting the motion.

Finally, the Court concludes that the availability of less drastic sanctions does not necessitate that those lesser sanctions be employed in the instant matter. The Court has

1  warned Plaintiffs that Defendants' motions to dismiss would be granted summarily if they
2  failed to respond.   Therefore, the fifth factor weighs in favor of dismissal.

3      With four factors weighing in favor of granting Defendants' motions and only one
4  factor weighing against, the Court finds the granting of the motions to be appropriate here.
5  The Court's decision is further supported by the fact that the granting of Defendants' motions
6  is premised upon a local rule that expressly permits the Court to summarily grant Defendants'
7  unopposed motions. *United States v. Warren,* 601 F.2d 471, 474 (9th Cir. 1979) ("Only in
8  rare cases will we question the exercise of discretion in connection with the application of
9  local rules.").

10      The Court thus concludes that granting Defendants' motions to dismiss under LRCiv.
11  7.2(i) is justified and appropriate.

## II. Similarly Situated Parties

13      In all three of these member cases there are additional defendants who do not have any
14  motion before the Court.[1]  However, the Court finds that these parties are similarly situated
15  to the moving defendants.  Therefore, the Court will dismiss these cases in their entirety. *See*
16  *Abigninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir. 2008) ("A [d]istrict [c]ourt
17  may properly on its own motion dismiss an action as to defendants who have not moved to
18  dismiss where such defendants are in a position similar to that of moving defendants.").

19      Accordingly,

20      **IT IS ORDERED** that Defendants HSBC Mortgage Services, Inc. and Housekey
21  Financial Corporation's Motion for Summary Disposition (Doc. 1042) and Defendant
22  Fidelity National Title Insurance Company's Motion for Summary Disposition (Doc. 1012)
23  are granted, thus

---

[1] Lending Group Incorporated and Fidelity National Title in *Velasquez*; Credit Suisse First Boston Financial Corporation and National Default Servicing Corporation in *Hora*; and Money First Financial Services Incorporated, IndyMac Federal Bank FSB, and Patrick Reno in *Lalatag*.

1  **IT IS FURTHER ORDERED** that Defendants HSBC Mortgage Services, Inc. and
2  Housekey Financial Corporation's Motion to Dismiss (Doc. 606) and Defendant Fidelity
3  National Title Insurance Company's Motion to Dismiss (Doc. 849) are granted. Therefore,
4  all claims pending before this Court in *Velasquez*, CV 10-475-PHX-JAT, are dismissed.

5  **IT IS FURTHER ORDERED** that Defendant Wells Fargo Bank, N.A.'s Motion for
6  Summary Disposition (Doc. 929) is granted, thus

7  **IT IS FURTHER ORDERED** that Defendant Wells Fargo Bank, N.A.'s Motion to
8  Dismiss (Doc. 695) and Defendants MERSCORP, Inc. and Mortgage Electronic Registration
9  Systems, Inc.'s Motion to Dismiss (Doc. 781) are granted. Therefore, all claims pending
10 before this Court in *Hora*, CV 10-476-PHX-JAT, are dismissed.

11 **IT IS FURTHER ORDERED** that Defendants OneWest Bank and Quality Loan
12 Service Corporation's Motion for Summary Disposition (Doc. 993) is granted, thus

13 **IT IS FURTHER ORDERED** that Defendants OneWest Bank and Quality Loan
14 Service Corporation's Motion to Dismiss (Doc. 577) and Defendants MERSCORP, Inc. and
15 Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (Doc. 784) are granted.
16 Therefore, all claims pending before this Court in *Lalatag*, CV 10-477-PHX-JAT, are
17 dismissed.

18 **IT IS FINALLY ORDERED** that the Clerk of the Court shall close the above
19 captioned member cases.

20 DATED this 16th day of February, 2011.

James A. Teilborg
United States District Judge